WILLIAM HORNER,      )
              )
    Plaintiff,      )   2:24-CV-00175-DCLC-CRW
              )
   v.         )
              )
CUYAHOGA COUNTY, et al.,   )
              )
    Defendants.    )

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Bradley Gilmer and the United States of America's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Doc. 63] and Defendants Pete Shockley and the United States of America's Motion for Judgment on the Pleadings under Rule 12(c) [Doc. 79]. Plaintiff responded to each motion [Docs. 72, 92] and Defendants replied [Docs. 73, 93]. These matters are now ripe for resolution. For the reasons below, the motions [Docs. 63, 79] are **GRANTED**.

## I. BACKGROUND

This matter stems from Plaintiff's divorce proceedings with Allison Stark and his conduct both during and after those proceedings.[1] Stark filed for divorce from Plaintiff on August 24, 2020. *See Horner v. Horner*, Cuyahoga C.P. No. DR-20-382383 (Aug. 24, 2020).[2] In a related

---

[1] The Court set forth the factual background related to Plaintiff's claims in its Memorandum Opinion on (1) Cuyahoga County, Judge Tonya Jones, and Judge Brendan Sheehan's Motion to Dismiss [Doc. 21]; (2) Governor Mike DeWine's Motion to Dismiss [Doc. 28]; and (3) Hamblen County and the Hamblen County Sheriff's Department's Motion to Dismiss [Doc. 30]. [Doc. 86]. The Court incorporates those facts by reference here. *See id.*

[2] This Court may take notice and rely on filings in the Cuyahoga County Court of Common Pleas because they are public record, and these Ohio state court matters form the central basis of Plaintiff's claims. *See Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) ("In addition to the allegations in the complaint, [we] may also consider other materials that are

matter, Stark sought a Civil Protection Order, and a hearing was set for September 1, 2022. *See Stark v. Horner*, Cuyahoga C.P. No. DV-22-391235. Before that hearing, Plaintiff allegedly launched a cyber-attack on the Cuyahoga County Courthouse to disrupt the proceedings.

On November 2, 2022, an Ohio grand jury indicted Plaintiff in Case No. 675557 for retaliation (Ohio Rev. Code § 2921.05(A)), disrupting public services (Ohio Rev. Code § 2909.04(B)), and telecommunications harassment (Ohio Rev. Code § 2917.21(A)(7)). [Doc. 64-1]. A warrant was issued on November 3, 2022. [Doc. 64-2]. While Case No. 675557 was pending, on April 18, 2023, Defendant was reindicted in Case No. 680296 on the same charges, along with two additional counts of retaliation and telecommunications harassment. [Doc. 64-3]. On May 3, 2023, a capias was issued for Plaintiff's arrest in Case No. 680296. [Doc. 64-5].

On September 22, 2023, in Case No. 675557, the State of Ohio moved the Court to dismiss that case on the ground that Defendant had been reindicted. [Doc. 64-7]. The Court granted that motion and dismissed Case No. 675557. [Doc. 64-8]. It did not dismiss Case No. 680296, which remained pending at that time along with the warrant for Plaintiff's arrest.

Those undisputed dates are important because Plaintiff alleges in his Complaint that he was arrested on *September 21, 2023*, pursuant to a capias issued in Cuyahoga County, Ohio, which he contends was invalid. [3] [Doc. 1, ¶ 16]. Plaintiff alleges that "Pete Shockley, Bradley Gilmer, and

---

integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice.") (citations omitted).

[3] After Plaintiff filed the Complaint on September 21, 2024, Defendants filed with the Court on June 18, 2025, the actual pleadings from Plaintiff's criminal cases in Ohio, clearly showing the two case numbers, the date of filing, the issuance of warrants for Plaintiff's arrest, and the timing of the dismissal of the first case. *See* [Doc. 64]. Notwithstanding that, Plaintiff's counsel continues to represent that his client was arrested on an invalid warrant given that the indictment had been dismissed. [Doc. 72, pg. 1 ("Plaintiff … was arrested … based on a void capias warrant – one that had been issued in connection with case (CR-22-675557) that was dismissed and never reissued before the arrest occurred."); Doc. 92, pg. 2 (Plaintiff was arrested "on September 21, 2023, based

Matti [sic] Casi, a lead agent for the U.S. Marshals Service, who delegated the arrest to local law enforcement officers without verifying the validity of the warrant." *Id.* ¶ 20. Indeed, as noted by Plaintiff, Gilmer and Shockley were acting within the scope of their employment as Special Deputy United States Marshals with the United States Marshals Service ("USMS"). [Docs. 60, pg. 4; 61, pg. 4; 64, pg. 10; 80, pg. 4].

Plaintiff alleges that his arrest was unlawful based on an invalid capias because the underlying criminal case had been dismissed but the capias had not been recalled. [Doc. 1, ¶ 16]. Plaintiff further alleges that he was released on bond after the Hamblen County General Sessions Court found "insufficient information to support the extradition request." *Id.* ¶ 17. He claims that, on January 31, 2024, he was re-incarcerated after Officer Shockley of the Morristown Police Department allegedly testified falsely that Plaintiff "had made incriminating statements about his lawyer." *Id.* ¶ 18. According to Plaintiff, this testimony resulted in his detention for more than

on a capias warrant that had been invalidated but never recalled…."); Doc. 101, pg. 3 ("This case centers on the arrest and detention of Plaintiff based upon a capias warrant that had already been resolved or dismissed.").

Counsel is reminded of his duty of candor to the tribunal. Tennessee Rule of Professional Conduct 3.3(a)(1), as adopted by this Court, provides that "[a] lawyer shall not knowingly make a false statement of fact or law to a tribunal." Tenn. Sup. Ct. R. 8, RPC 3.3(a)(1); *see also* LR 83.6.

Federal Rule of Civil Procedure 11 requires that an attorney's factual contentions have evidentiary support or, at minimum, are likely to have such support after a reasonable inquiry. Fed. R. Civ. P. 11(b)(3). The Rule also authorizes the Court to impose sanctions for violations. Fed. R. Civ. P. 11(c).

The Court has serious concerns regarding counsel's conduct here. Zealous advocacy does not permit misrepresentation of the record, especially true here where those representations are contradicted by readily available public information. The record reflects that Plaintiff's arrest followed his reindictment, contrary to counsel's repeated representations, and occurred before the first indictment was dismissed. Although Defendants have not sought sanctions under Rule 11(c) and the Court declines to initiate Rule 11 proceedings sua sponte now, counsel is reminded that the obligations Rule 11(b) impose are mandatory.

3

thirty days in the Hamblen County Jail.  *Id.*

Based on these events, Plaintiff asserts several claims arising out of his arrest and subsequent incarceration, including claims under 42 U.S.C. § 1983 and various state-law causes of action.  These motions then followed.

## II.  LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is construed as either a facial attack or a factual attack.  *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  A motion that "merely questions the sufficiency of the pleading" is a facial attack and a motion is considered a factual attack if it requires the court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction exists or does not exist." *Id*.  The appropriate standard to employ when reviewing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction turns upon the nature of the motion.  When the Rule 12(b)(1) motion attacks the plaintiff's complaint on its face, the court will consider the well-pled factual allegations of the complaint as true.  *O'Bryan v. Holy See,* 549 F.3d 431, 443 (6th Cir. 2008).

A motion to dismiss under Rule 12(b)(6) requires courts to construe the complaint in the light most favorable to the plaintiff and accept its factual allegations as true.  *Meador v. Cabinet for Hum. Res.*, 902 F.2d 474, 475 (6th Cir. 1990).  To survive dismissal, the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Rule 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial.  Fed. R. Civ. P. 12(c).  The standard of

review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 479 F.2d 478, 480 (6th Cir. 1973).

## III.     ANALYSIS

Defendants Gilmer and Shockley move to dismiss the claims against them, asserting qualified immunity in their individual capacities and sovereign immunity in their official capacities. They also contend that, because they were deputized as Special Deputy United States Marshals with the USMS and acting within the scope of that federal authority when executing the capias, Plaintiff's § 1983 claims fail as a matter of law. Gilmer and Shockley further contend that Plaintiff failed to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), and that his state law tort claims otherwise fail to state a claim. Shockley also argues that Tennessee does not recognize a civil cause of action for perjury. The Court will address each issue in turn.

### A.     Count I – Violation of the Fourth Amendment – Unlawful Search and Seizure

#### 1.     Count I claims against Gilmer and Shockley in their individual capacity.

Plaintiff asserts a claim under 42 U.S.C. § 1983 against Gilmer and Shockley in Count I of the Complaint, alleging a violation of the Fourth Amendment. To state a claim under § 1983, a plaintiff must show that he was "deprived of rights guaranteed under the United States Constitution or federal law by a person acting 'under color of state law.'" *Strickland on Behalf of Strickland v.*

*Shalala,* 123 F.3d 863, 866 (6th Cir. 1997).

Plaintiff has not met the requirements to pursue a §1983 claim against either Gilmer or Shockley in Count I. It is undisputed that, at the time of Plaintiff's arrest, Gilmer and Shockley were acting under color of federal law, not state law, as they had been specially deputized as Special Deputy United States Marshals. *See* [Docs. 60, pg. 4; 61, pg. 4] (certifications per 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.4(a)). Federally deputized local law enforcement officers are federal actors, not state actors. *See Laible v. Lanter*, 91 F.4th 438, 442 (6th Cir. 2024); *see also Cain v. Rinehart*, No. 22-1893, 2023 WL 6439438, at *2 (6th Cir. July 25, 2023) (finding that because "the source and implementation of authority for the task force that attempted to execute the arrest warrant … was the U.S. Marshal Service," "§ 1983 does not apply").

Because § 1983 applies only to persons acting under color of state law, Gilmer and Shockley are not subject to liability under § 1983. *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016). Although Plaintiff asserts a *Bivens* claim in Count VI against other Defendants (not Gilmer or Shockley), he does not assert such a claim against Gilmer and Shockley in Count I. The Court declines to convert Plaintiff's claim under §1983 asserted against Gilmer and Shockley to a claim under *Bivens*. *See Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) (finding that a district court need not "convert a §1983 claim asserted against federal officials to one asserting *Bivens* violations."). Accordingly, Plaintiff fails to state a § 1983 claim in Count I against these Defendants. Count I is **DISMISSED** against Gilmer and Shockley in their individual capacity.

Even setting aside Gilmer's and Shockley's status as federal actors, Plaintiff's allegations fail to state a claim upon which relief can be granted. The record is undisputed. Plaintiff alleges that he was unlawfully arrested on September 21, 2023. However, the indictment in Case No.

6

675557 remained pending at the time of his arrest and the case was not dismissed until September 22, 2023. [Doc. 64-8]. In addition, a separate indictment in Case No. 680296 was pending, along with a corresponding arrest warrant. [Docs. 64-3; 64-4; 64-5]. That case was not dismissed. The public record contradicts the specific factual assertions that are the crux of Plaintiff's claims against these Defendants. *See Ashland*, 648 F.3d at 467 (finding it is proper to consider the public record in addressing a motion to dismiss). Accordingly, Plaintiff fails to state a claim against either Gilmer or Shockley in their individual capacity.

### 2. Count I claims against Gilmer and Shockley in their official capacity

The United States and Gilmer and Shockley also contend that, to the extent that Plaintiff raises constitutional claims against them in their official capacity, the Court is without subject matter jurisdiction under the doctrine of sovereign immunity. [Doc. 64, pgs. 9–10; Doc. 80, pg. 5]. An action brought against federal employees in their official capacities is effectively an action against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). The United States as a sovereign is immune from suit unless it has expressly waived such immunity. *United States v. Shaw*, 309 U.S. 495, 500–01 (1940). "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The United States has not waived sovereign immunity for damages claims arising directly under the Constitution. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Accordingly, the Court lacks subject matter jurisdiction over such claims.

### B. Count VII – Perjury claim against Shockley

In Count VII, Plaintiff brings a claim for perjury against Shockley based on allegedly false testimony during a state-court proceeding. [Doc. 1, ¶ 52]. Plaintiff alleges that this false testimony contributed to the state court's decision to detain him for over 30 days. *Id.* ¶¶ 53–55. Tennessee law does not recognize a civil cause of action for perjury. *Goetz v. Autin*, No. W2022-00393-

COA-R3-CV, 2023 WL 2545712, at \*18 (Tenn. Ct. App. Mar. 17, 2023) (citing *Felts v. Paradise*, 158 S.W.2d 727, 728 (Tenn. 1942)); *see also Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 231 (Tenn. Ct. App. 2000). Plaintiff's claim for perjury must therefore be dismissed and Shockley's motion for judgment as a matter of law under Rule 12(b)(c) as to Count VII is **GRANTED**.

### C.   Counts X, XIII, XIV, and XV – State-Law Tort Claims

Plaintiff brings several state-law claims against "All Defendants" including Gilmer and Shockley for intentional infliction of emotional distress (count X), abuse of process (count XIII), trespass (count XIV), and malicious prosecution (count XV). The United States has been substituted as the proper defendant for Gilmer and Shockley as to these tort claims. *See* [Doc. 71, pg. 6]. Accordingly, the Court will address these claims from the perspective of the United States.

The United States contends that these claims must be dismissed because Plaintiff has not alleged, nor can he allege, that he exhausted his administrative remedies as required to bring a tort claim against the federal government under the FTCA. 28 U.S.C. § 2675(a); [Doc. 64, pgs. 17–18; Doc. 80, pgs. 6–7]. Plaintiff does not contend otherwise.

The FTCA waives the sovereign immunity of the United States with respect to certain tort claims but requires that a plaintiff first present his claims to the appropriate federal agency. 28 U.S.C. §§ 2674, 2675(a). "An FTCA suit shall not be instituted until the plaintiff first presents the claim to the appropriate federal agency and the agency denies the claim." *Kellom v. Quinn*, 86 F.4th 288, 292 (6th Cir. 2023) (citation omitted). Presentation of the claim is a prerequisite to this suit. *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Plaintiff does not allege that he exhausted his administrative remedies before suing. Therefore, Plaintiff cannot rely on the FTCA waiver of sovereign immunity to bring his claims. Counts X, XIII, XIV, XV against the United States, substituted as the party for Gilmer and

Shockley, must be dismissed for lack of subject matter jurisdiction and therefore both Gilmer's motion to dismiss [Doc. 63] and Shockley's motion for judgment on the pleadings [Doc. 79] are **GRANTED**.

In Plaintiff's response, he requests leave to amend "if the Court deems any claim within the FTCA framework." [Doc. 72, pg. 4]. But that will not solve Plaintiff's problem. "A plaintiff who fails to comply can't cure that failure by exhausting administrative remedies while the suit is pending: the claim must be reasserted in a new action." *Kellom*, 86 F.4th at 292 (citations and internal quotations omitted). Amendment would be futile. Thus, Plaintiff's request for leave to amend is **DENIED**.

## IV. CONCLUSION

For these reasons, Gilmer and the United States' Motion to Dismiss [Doc. 63] and Shockley and the United States' Motion for Judgment on the Pleadings [Doc. 79] are **GRANTED**. Accordingly, Gilmer and Shockley's Motion to Stay Discovery [Doc. 100] is **DENIED AS MOOT**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge